JOURNAL ENTRY and OPINION
Defendant-appellant herein, Quan Tucker, appeals from his conviction in the Cuyahoga County Court of Common Pleas on one count of aggravated robbery and one count of intimidation. Both counts also contained firearm specifications. The charges arose out of the robbery of a Hollywood Video store located in Westlake, Ohio. The appellant was alleged to have entered the store in the early morning hours, flashed a handgun in his waistband at the clerk on duty, taken the money from all of the store's cash registers and cut the store's phone lines. Before leaving the store, the appellant purportedly demanded the store's surveillance video and the driver's license of the clerk. The appellant subsequently was picked out of a police photo line-up by the clerk.
The appellant was indicted on May 2, 2001. Subsequent to a jury trial, the appellant was convicted on both counts, as well as the two firearm specifications, on May 8, 2001. The appellant was sentenced by the trial court to five years on count one, plus three additional years on the firearm specification and five years on count two, plus three additional years on the firearm specification. The two sentences were ordered to be served concurrently. The appellant filed the within appeal from the jury verdict, as well as the sentence of the trial court, on May 18, 2001.
The appellant assigns two errors for this court's review. The appellant's first assignment of error states:
 I. THE LOWER COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT COMPLYING WITH 2929.19(B)(3) WHICH REQUIRED THE COURT TO NOTIFY APPELLANT THAT HE IS SUBJECT TO THE POST CONVICTION (SIC) CONTROL PROVISIONS OF O.R.C. 2967.28.
The state concedes in its appellee brief filed herein that the trial court did in fact fail to comply with R.C. 2929.19(B) at sentencing by failing to inform the appellant that he would be subject to post release control subsequent to serving his prison term. Although we can think of no conceivable prejudice to the appellant caused by this omission, especially in light of the fact that the appellant did not enter a plea but was found guilty by a jury, we are compelled to remand this matter to the trial court for resentencing in accordance with R.C. 2929.19(B)(3)(d).
The second assignment of error states:
 II. WHETHER THE LOWER COURT ERRED WHEN IT ALLOWED THE STATE OF OHIO TO PRESENT EVIDENCE OF A PRIOR CRIMINAL ACT IN WHICH (SIC) APPELLANT HAD NEVER BEEN CHARGED WITH.
Evid.R. 404(B) prohibits the admissibility of "other acts" evidence to prove the "character of a person in order to show that he acted in conformity therewith * * *." However, this evidentiary rule permits the admission of "other acts" evidence as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." See Evid.R. 404(B); R.C. 2945.59. The "other acts" evidence at issue consists of testimony from a former manager of another Hollywood Video Store that he had assisted the appellant in robbing that facility in a manner very similar to the way in which the Westlake location was robbed. This witness, Mark Cushman, described a prior incident where the appellant had robbed the Rocky River Hollywood Video store, with Cushman's acquiescence and/or assistance. Although the appellant was never charged in connection with the Rocky River robbery, Cushman plead guilty to misdemeanor theft charges in Rocky River Municipal Court.
Cushman's testimony established many similarities between the two incidents. In both, the perpetrator arrived early in the morning, soon after the stores had opened and flashed a handgun before demanding money from the store's cash registers. Also in both instances, the perpetrator cut the phone lines before leaving the store and also demanded the store's surveillance tape. In an underlying offense at issue here, the appellant also tried to elicit the assistance of the store manager by offering to allow him to keep the proceeds of one of the store's five cash registers.
The "other acts" evidence of the appellant's involvement in the commission of the Rocky River robbery fits squarely into the strictures of Evid.R. 404(B), as it was introduced for the purpose of showing opportunity, intent, preparation, plan and absence of mistake. The appellant testified at trial and admitted to being in the store during the relevant time period, but denied that he committed the offenses for which he was charged. Clearly, the trial court was correct in ruling that evidence of the appellant's involvement in the prior heist of a nearby video store belonging to the same chain and the similarities of the two offenses, was relevant to show that the appellant had the opportunity to commit the offense with which he was charged, as well as intent, preparation and plan. Accordingly, this assignment of error is overruled.
Judgment affirmed in part, reversed in part and remanded for resentencing.
This cause is affirmed in part, reversed in part and remanded for resentencing.
Costs assessed against defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.